**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-1899
_____

SHARON CHAVIS; MYA CHAVIS,
Appellants

v.

STATE OF NEW JERSEY; CHRIS CHRISTIE;
JERSEY CITY MEDICAL CENTER; MEADOWVIEW PSYCHIATRIC HOSPTIAL
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 2-17-cv-02855)
District Judge:  Honorable Kevin McNulty
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
February 11, 2019

Before:  KRAUSE, SCIRICA, and NYGAARD, <u>Circuit</u> <u>Judges</u>

(Opinion filed: February 3, 2021)
_____

OPINION[*]
_____


PER CURIAM

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Pro se appellants Sharon and Mya Chavis appeal from an order of the District Court dismissing their complaint. For the reasons that follow, we will dismiss the appeal for lack of jurisdiction.

The complaint raised various claims stemming from the care that Sharon Chavis received at Jersey City Medical Center (JCMC) and Meadowview Psychiatric Hospital (Meadowview). Chavis was initially admitted to JCMC for physical and mental trauma she suffered after a family dispute, and she was later transferred to Meadowview. At some point, a transfer was requested to Kings Adult Care Center in Brooklyn, but it was denied. Sharon and Mya Chavis, her daughter, have alleged that the defendants' conduct violated their rights under the Fair Housing Act, the Americans with Disabilities Act, the Civil Rights of Institutionalized Persons Act, the Health Insurance Portability and Accountability Act, and various New Jersey state laws.

The defendants filed answers to the complaint and brought cross-claims for indemnification and contribution, as well as motions to dismiss for failure to state a claim. On March 12, 2018, the District Court granted the motions to dismiss, dismissed the complaint without prejudice, and granted 30 days' leave to file an amended complaint. The District Court did not address the defendants' cross-claims. The plaintiffs did not file an amended complaint, and instead appealed to this Court.

This Court's appellate jurisdiction is typically over "final decisions" by district courts. See 28 U.S.C. § 1291. An order that decides fewer than all claims, or determines the rights and liabilities of fewer than all parties, is not immediately appealable unless the

2

District Court certifies its order pursuant to Federal Rule of Civil Procedure 54(b). See Hill v. City of Scranton, 411 F.3d 118, 124 (3d Cir. 2005).[1] "This is equally true whether the unresolved claim was asserted in the plaintiff's complaint, or was pleaded as a counterclaim, or a cross-claim." Aluminum Co. of Am. v. Beazer E., Inc., 124 F.3d 551, 557 (3d Cir. 1997) (internal citations omitted).

Here, the District Court's March 12, 2018, order did not expressly dispose of the defendants' cross-claims. Nor did the District Court's order give any indication that it was entering a partial final judgment under Rule 54(b). See Berckeley Inv. Grp., Ltd. v. Colkitt, 455 F.3d 195, 203 (3d Cir. 2006). Thus, the Court does not have jurisdiction over this appeal.

The Appellees argue that, from a practical standpoint, the remaining cross-claims are moot. The cross-claims consist entirely of claims for indemnity and contribution, and all of the Appellants' claims have been dismissed. "However, to read [such] 'practicalities' into the already plain language of Rule 54(b) would only foster uncertainty in an area of the law that must remain clear." Owens v. Aetna Life & Cas. Co., 654 F.2d 218, 220 n.2 (3d Cir. 1981).

---

[1] In addition, "[g]enerally, an order which dismisses a complaint without prejudice is neither final nor appealable because the deficiency may be corrected by the plaintiff without affecting the cause of action." Borelli v. City of Reading, 532 F.2d 950, 951 (3d Cir. 1976) (per curiam). The order will be final and appealable, however, if the plaintiff "declares his intention to stand on his complaint." Id. at 951-52. Here, Sharon and Mya Chavis have not filed an amended complaint within the time provided by the District Court, and have indicated their intention to stand on their complaint. See Batoff v. State Farm Ins. Co., 977 F.2d 848, 851 n.5 (3d Cir. 1992).

3

In some circumstances, "an otherwise nonappealable order may become final for the purposes of appeal where a [party] voluntarily and finally abandons the other claims in the litigation." Bethel v. McAllister Bros., Inc., 81 F.3d 376, 382 (3d Cir. 1996). But here, after the Clerk ordered the parties to provide supplemental briefing on the outstanding cross-claims in this case, at least one of the Appellees indicated that it "does not waive or abandon its cross claims." Suppl. Br. of Appellees Jersey City Med. Ctr., et al., at 2. Given this statement, we cannot say that the Appellees have abandoned the outstanding claims in this case.

Accordingly, we will dismiss this appeal for lack of jurisdiction.[2] In light of our disposition, the motion to stay this appeal and the motion to resume this appeal are denied.

---

[2] We note that the parties may ask the District Court to rule on the outstanding cross-claims. A new notice of appeal will be necessary from any final order issued by the District Court.